IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JERRY BLANEY, #1519297,<br>Petitioner, | §<br>§<br>§ | |
| v. | § | 3:10-CV-2179-D (BK) |
| | § | |
| RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Div.,<br>Respondent. | §<br>§<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order No. 3, this case was automatically referred for findings, conclusions, and recommendation.

**I. BACKGROUND**

This is a *pro se*, fee paid petition for a writ of habeas corpus filed by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is currently confined within the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). Respondent is the Director of TDCJ-CID. The court did not issue process in this case.

On July 18, 2008, a Dallas County jury convicted Petitioner for the offense of aggravated sexual assault of a child and sentenced him to life imprisonment. *See State v. Blaney*, No. F05-00065 ( 203rd Jud. Dist. Ct. 2008). Petitioner's direct criminal appeal is presently pending before the Fifth District Court of Appeals at Dallas. *See Blaney v. State*, No. 05-08-01049-CR (Tex. App. – Dallas).[1]

---

[1] Petitioner unsuccessfully sought leave to file an original application for writ of habeas corpus during the pendency of his direct criminal appeal. *See In re Blaney*, No. WR-72,873-01

This is Petitioner's seventh federal habeas corpus petition seeking relief from his aggravated sexual assault conviction. The court dismissed the first five actions for failure to exhaust state court remedies. *See Blaney v. 203rd Judicial Dist. Court*, 3:08-CV-637-G (N.D. Tex., Jul. 17, 2008); *Blaney v. State of Texas*, 3:08-CV-1382-L (N.D. Tex. Oct. 30, 2008); *Blaney v. Thaler*, 3:09-CV-1572-O (N.D. Tex. Dec. 15, 2009); *Blaney v. Thaler*, 3:10-CV-1540-K (N.D. Tex. Oct. 26, 2010), and *Blaney v. Thaler*, 3:10-CV-1542-K (N.D. Tex. Oct. 26, 2010). The sixth action remains pending. *See Blaney v. Thaler*, 3:10-CV-1541-N (N.D. Tex.) (magistrate judge's recommendation that case be dismissed for failure to exhaust pending before district judge).

In the present action, Petitioner alleges the Dallas County District Clerk's Office and the Fifth District Court of Appeals Clerk's Office are "disposing of [his *pro se*] motions, writs and subpoenas" without docketing or ruling on them. (Doc. #1 at 1.) Although Petitioner avers he will re-file his *pro se* motions, he foresees that they will be thrown away just like his earlier pleadings and motions. (*Id.*) He, thus, requests that this court "order the Fifth Court of Appeals to acquire copies of these motions, writs and subpoenas and rule on them post-haste!!" (*Id.* at 2.) According to Petitioner, "[i]t is a felony to viciously, intentionally withhold vital evidence which would set appellant free." (*Id.*)

## II. ANALYSIS

Insofar as Petitioner seeks habeas corpus relief, his request should be dismissed for failure to exhaust state court remedies. A state prisoner must exhaust all available state court

---

(Tex. Crim. App. Oct. 28, 2009) (denying motion for leave to file original state habeas application).

remedies before a federal court will consider the merits of his habeas claims. *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. *See Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Petitioner has not satisfied the exhaustion requirement. His direct criminal appeal remains pending before the Fifth District Court of Appeals, where he is represented by appointed counsel John G. Tatum. In addition, Petitioner will need to exhaust his state habeas corpus remedies with respect to any of the claims not presented on direct appeal. *See* Tex. Code Crim. Proc. art. 11.07. Accordingly, his federal habeas petition should be dismissed without prejudice to Petitioner's right to re-file after exhausting his state court remedies.[2]

To the extent Petitioner seeks mandamus relief against the Fifth District Court of Appeals, his claim should be dismissed as frivolous. Federal courts are without power to issue

---

[2] The court cautions Petitioner that the 1996 amendments to the habeas corpus statute impose a one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to any petition that he may file in this court.

writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought. *See Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973). A review of the pleadings in this case reflects that the only relief sought in this case is mandamus against the Fifth District Court of Appeals for refusing to rule on unspecified motions, writs and subpoenas. Accordingly, Petitioner's request for mandamus relief lacks merit and should be dismissed with prejudice as frivolous. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state officials in the performance of their duties); 28 U.S.C. § 1915A(b)(1) (providing for *sua sponte* dismissal of a complaint filed by a prisoner if the court finds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted).[3]

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that Petitioner's request for habeas corpus relief be **DISMISSED** without prejudice for failure to exhaust state court remedies, *see* 28 U.S.C. § 2254(b) and (c), and that his request for mandamus relief be **DISMISSED** with prejudice as frivolous, *see* 28 U.S.C. § 1915A(b)(1). Petitioner should be advised that the dismissal of his mandamus claim as frivolous will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[4]

---

[3] The filing fee provisions of 28 U.S.C. § 1915(b) do not apply to a petition for writ of mandamus stemming from a state criminal proceedings such as the one at issue in this case. *See In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997) (petition for writ of mandamus that arose out of state application for post-conviction relief was not subject to fee payment requirements of § 1915).

[4] Section1915(g), commonly known as the "three-strikes" provision, provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil

The clerk should be directed to open a separate civil action for Petitioner's mandamus claim (nature of suit 540, assigned to the same district judge and magistrate judge as this case), and close the same on the basis of the district court's order.

SIGNED November 8, 2010.

*[signature]*
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.